UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER, Jr., Booking No. 197347785,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; COUNTY OF SAN DIEGO; M.T.S.; WILLIAM D. GORE; CITY OF EL CAJON; CITY OF SAN DIEGO,<br><br>Defendants. | Case No.: 3:19-cv-02363-BAS-LL<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff David B. Turner, Jr., currently imprisoned at George F. Bailey Detention Facility ("GBDF"), in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1.)[1]

---

[1] According to the San Diego County Sheriff's Department's website, Turner was last booked on June 6, 2019, has been sentenced, and is serving his prison term in San Diego Superior Court Case No. SCD282052 in local custody. *See* https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=sCcBV 3jCMgUM_%2bHNzLT90CO_zhaWm1n39DaBPwzuAYXpQ%3d (last accessed Feb. 14, 2020). The

1

3:19-cv-02363-BAS-LL

Turner names the State of California, the County of San Diego, M.T.S. ("transit enforcement"), San Diego County Sheriff William D. Gore, and the cities of both San Diego and El Cajon as Defendants. He alleges unidentified officials employed by these Defendants used unreasonable force while effecting his arrest at a trolley station on October 13, 2018, in violation of his right to be free of cruel and unusual punishment under the Eighth and Fourteenth Amendments, as well as under Article I of the California Constitution. (*See* Compl. at 1–3.) Turner further contends that on October 22, 2018, he was too-tightly handcuffed during a transport by unidentified San Diego City Harbor Police officers to "San Diego Mental Health in Old Town," and was provided "no medical care for [his] broken hand." (*Id.* at 5.) Turner also cites previous incidents of unreasonable force and to have been denied medical care at the "San Diego (Jails)" on 6/26/14, 12/3/13, and on 3/21/13, complains of "toilet problems," and claims to have been denied equal protection with respect to sanitation and personal hygiene during his current term of incarceration at GBDF. (*Id.* at 7–8.) He seeks $77 million in general and punitive damages and an injunction enjoining the Defendants from "den[y]ing the rights of the homeless." (*Id.* at 10.)[2]

---

Court may take judicial notice of public records available on online inmate locators. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Foley v. Martz*, No. 18-cv-2001-CAB-AGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of inmate locator).

[2] The Court also takes judicial notice of its own dockets on PACER which show Turner has filed more than thirty similar cases over the course of the last ten years, most of them alleging excessive force and the denial of medical care, and seeking monetary relief from the City and County of San Diego, County Sheriff's Department officials, and the Metropolitan Transit System (M.T.S.). *See* https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=3ee13dc867da42c1b64e13215b2a7397 (last accessed Feb. 14, 2020). A court may take judicial notice of its own records, *see Molus v. Swan*, No. 05cv542-MMA(WMc), 2009 WL 160937, *2 (S.D. Cal. 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Turner has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP"), (ECF No. 2).

**I.     Motion to Proceed IFP**

    **A.     <u>Standard of Review</u>**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Turner, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture

is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

### B. Discussion

#### 1. Plausible Allegations of Imminent Danger

Turner claims that the State, County, two municipalities, the Sheriff, and several unidentified officers used unreasonable force while effecting two separate arrests in 2018, and that afterward he was given "no medical help" for a wrist which he admits was broken before he was first apprehended on October 13, 2018. (*See* Compl. at 3.) Turner also alleges he was placed in a cell at GBDF with a toilet that "was having problems for days," and that he was deprived of a "clothing exchange, cleaner, towels or mops." (*Id.* at 8.) However, he does not say when that happened, fails to allege those conditions were ongoing, and does not explain how the denial of his right to "personal hygiene" placed him in imminent danger of serious physical injury, <u>at the time he filed his Complaint.</u> *See Cervantes,* 493 F.3d at 1051–52.

Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *see also Bontemps v. Smith*, No. CV 15-8226-JFW (SP), 2016 WL 10894023, at *3 (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison, occurring more than a year before filing insufficient to satisfy 28 U..S.C. § 1915(g)'s exception for imminent danger of serious physical injury), *aff'd*, 708 F. App'x

4

3:19-cv-02363-BAS-LL

is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

### B. Discussion

#### 1. Plausible Allegations of Imminent Danger

Turner claims that the State, County, two municipalities, the Sheriff, and several unidentified officers used unreasonable force while effecting two separate arrests in 2018, and that afterward he was given "no medical help" for a wrist which he admits was broken before he was first apprehended on October 13, 2018. (*See* Compl. at 3.) Turner also alleges he was placed in a cell at GBDF with a toilet that "was having problems for days," and that he was deprived of a "clothing exchange, cleaner, towels or mops." (*Id.* at 8.) However, he does not say when that happened, fails to allege those conditions were ongoing, and does not explain how the denial of his right to "personal hygiene" placed him in imminent danger of serious physical injury, <u>at the time he filed his Complaint.</u> *See Cervantes,* 493 F.3d at 1051–52.

Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *see also Bontemps v. Smith*, No. CV 15-8226-JFW (SP), 2016 WL 10894023, at *3 (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison, occurring more than a year before filing insufficient to satisfy 28 U..S.C. § 1915(g)'s exception for imminent danger of serious physical injury), *aff'd*, 708 F. App'x

360 (9th Cir. 2017); *see also Balzarini v. Lewis*, No. 1:13-cv-820-LJO-BAM (PC), 2015 WL 2345464, *8 (E.D. Cal. May 14, 2015) (finding plaintiff's disagreement with prison medical personnel about the course or adequacy of treatment he was receiving did not establish imminent danger); *Moore v. Shift*, No. CV 17-8137-PCT-DLR (JZB), 2017 WL 6884300, at *2 (D. Ariz. Sept. 12, 2017) (finding prisoner's claims of having been denied phone calls, mail, recreation, clothing exchanges, and hygiene and cleaning supplies insufficient to show imminent danger of serious physical injury).

Therefore, the Court finds Turner's Complaint contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

### 2. Three Strikes

While Defendants typically carry the initial burden to show a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is the case here.

Based on a review of its own dockets, the Court finds that Plaintiff David B. Turner, Jr., currently identified under San Diego County Booking No. 197347785, and previously identified under San Diego County Sheriff's Department Booking No. 13719099, Booking No. 15780644, and CDCR Inmate #G-30643, while incarcerated, has had at least five prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Turner v. Metropolitan Transit System, et al.*, Civil Case No. 3:09-cv-00770- L-POR (S.D. Cal. Nov. 11, 2009) (Order denying amended motion to proceed IFP and dismissing amended complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)) [ECF No. 6] (strike one);

2) *Turner v. Corporal Saunder (7294), et al.*, Civil Case No. 3:13-cv-01368- MMA-DHB (S.D. Cal. June 18, 2013) (Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b) and denying motion to proceed IFP as moot) [ECF No. 3] (strike two);

3) *Turner v. County of San Diego, et al.*, Civil Case No. 3:13-cv-2288-LAB-RBB (S.D. Cal. July 11, 2014) (Order sua sponte dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A(b) [ECF No. 7]; (Nov. 11, 2014, 9th Circuit USCA, No. 14-56249) (Order denying appellant's motion to proceed IFP "because we find that there is no non-frivolous issue presented in this appeal") [ECF No. 13] (strike three);

4) *Turner v. San Diego County, et al.*, Civil Case No. 3:13-cv-02729-JLS-PCL (S.D. Cal. Nov. 19, 2014) (Order granting IFP and sua sponte dismissing First Amended Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1)) [ECF No. 13]; (March 20, 2015 Order dismissing case in its entirety for failing to state a claim pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and for failing to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with Court Order requiring amendment) [ECF No. 14] (strike four);[3] and

5) *Turner v. San Diego County, et al.*, Ninth Cir. Ct. Appeal Case No. 15-55544 (July 30, 2015 Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous") [ECF No. 4] (strike five).[4]

Accordingly, because Turner has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding *in forma pauperis* in this action. Accordingly, his Motion to Proceed IFP (ECF No. 2) is **DENIED**. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing

---

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[4] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee").

the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

**III**. **Conclusion and Orders**

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3); and

4) **DIRECTS** the Clerk of the Court to close the file. Plaintiff may re-open this case only if he pays the full $400 civil and administrative filing fee required by 28 U.S.C. § 1914(a) **on or before March 16, 2020**.

**IT IS SO ORDERED**.

DATED: February 18, 2020

Hon. Cynthia Bashant
United States District Judge